UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN ERIC DONE,

          Plaintiff,

     v.

SONOMA COUNTY JUNIOR COLLEGE DISTRICT,

          Defendant.

Case No. 25-cv-10069-HSG

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 17

Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint. *See* Dkt. No. 17 ("Mot."); Dkt. No. 22 ("Opp."); Dkt. No. 23 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

In November 2025, pro se Plaintiff Stephen Done filed suit against Defendant Sonoma County Junior College District. *See* Dkt. No. 1 ("Compl."). Plaintiff, formerly a coach at Santa Rosa Junior College, alleges that he filed a civil rights grievance against Defendant's athletic department in 1998 for institutional racism. *Id.* at 2–3. In response, Defendant allegedly initiated a secret off-campus disciplinary proceeding in October 1999 accusing Plaintiff of illegal recruiting violations. *Id.* at 4. That same month, Defendant also allegedly prepared a secret disciplinary letter declaring Plaintiff guilty of illegal recruiting violations and "accepting severe penalties against Plaintiff and his men's basketball program." *Id.* Plaintiff allegedly learned of the disciplinary proceeding in 2021 and the letter in 2025. *Id.* at 4–5.[1] Plaintiff brings federal claims

---

[1] Defendant argues that Plaintiff's claims are barred by the statute of limitations. Mot. at 10. The applicable statute of limitations for § 1983 actions brought in California is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (applying California's prior one-year statute of limitations to § 1983 action). Plaintiff pleads that he learned of the disciplinary letter

United States District Court
Northern District of California

under 42 U.S.C. § 1983 for retaliation, deprivation of due process, and *Monell* liability, and state law claims for fraudulent concealment. *Id.* at 5–6. He seeks damages and injunctive and declaratory relief, including an order compelling production of documents relating to the disciplinary proceedings. *Id.* at 6.

Plaintiff's § 1983 claims are barred by the Eleventh Amendment. California public school districts are agents of the state and are immune to § 1983 claims. *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 254 (9th Cir. 1992); *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1247–48 (9th Cir. 2015) ("It is well-established that a school district cannot be sued for damages under § 1983.").[2] This is true here regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." (citation omitted)).[3]

Because the Court's only apparent basis for jurisdiction is federal question jurisdiction, and having dismissed all the federal claims, the Court will decline supplemental jurisdiction and hold

---

less than two years ago, in 2025. While Plaintiff clearly knew about some penalties from a 2021 letter he attached to his complaint, *see* Dkt. No. 4 at 14, it's not clear if Plaintiff knew about all the penalties (and any related injuries) against him and his basketball program before 2025. As a result, the Court likely cannot dismiss the case on the grounds that the claims are time-barred. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (holding that "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim"). However, as a practical matter, it is very likely that these claims are time-barred and will eventually fail, and the Court would start by initially permitting only limited and targeted discovery focused on the statute of limitations issue if Plaintiff eventually can overcome the other hurdles identified in this order.

[2] The Ninth Circuit has "[taken] no position on whether" its holding in *Belanger* and similar cases "should be revisited given [its] new test for evaluating whether an entity is an arm of the state under the Eleventh Amendment." *K. J. by & through Johnson v. Jackson*, 127 F.4th 1239, 1251 n.8 (9th Cir. 2025) (citing *Kohn v. State Bar of California*, 87 F.4th 1021, 1030 (9th Cir. 2023) (en banc)). For now, the Court must follow the Ninth Circuit's binding precedent.

[3] "Although the *Ex Parte Young* doctrine provides an exception for actions against officials for declaratory and prospective injunctive relief, an action against a public school district in its own name, by definition, falls outside the scope of the exception." *Laird v. United Tchrs. L.A.*, 615 F. Supp. 3d 1171, 1181 (C.D. Cal. 2022), *aff'd*, No. 22-55780, 2023 WL 6970171 (9th Cir. Oct. 23, 2023) (citing *In re Lazar*, 237 F.3d 967, 976 n.9 (9th Cir. 2001)).

off on ruling on the viability of Plaintiff's state law claims unless and until he states an actionable federal claim. *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))).

Accordingly, Defendant's motion to dismiss, Dkt. No. 17, is **GRANTED** with leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting that the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts" (quotation omitted)). Any amended complaint must be filed within 21 days of the date of this order. This order **VACATES** the March 26, 2026 hearing and case management conference.[4]

The Court further advises Plaintiff, who is representing himself, that he can seek assistance at the Legal Help Center if he desires assistance complying with this order. The Legal Help Center provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at https://cand.uscourts.gov/representing-yourself. Telephone appointments may be scheduled either over the phone at (415) 782-8982 or by email at FedPro@sfbar.org.

**IT IS SO ORDERED.**

Dated: 3/18/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] Defendant's request for judicial notice of Plaintiff's settlement agreement, Dkt. No. 18, is denied as moot because the Court did not need to reach the argument that referenced this document in order to grant the motion.