United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN ERIC DONE,

Plaintiff,

v.

BEN PARTEE,

Defendant.

Case No. 25-cv-10069-HSG

**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT AND TERMINATING REQUEST FOR JUDICIAL NOTICE**

Re: Dkt. Nos. 32, 33

Pending before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC"), Dkt. No. 29, under Federal Rule of Civil Procedure 12(b)(6). Motion to Dismiss ("Mot."), Dkt. No. 32; Opposition ("Opp."), Dkt. No. 34; Reply ("R."), Dkt. No. 36. In conjunction with his motion to dismiss, Defendant also filed a request for judicial notice. Dkt. No. 33. The Court found this matter appropriate for disposition without oral argument and the matter was deemed submitted. Civil L.R. 7-1(b); Dkt. No. 37. The Court **GRANTS** Defendant's motion to dismiss and **TERMINATES AS MOOT** the related request for judicial notice.

## I. FACTUAL ALLEGATIONS

This is a Section 1983 civil rights action alleging deprivation of procedural due process. FAC § IV. Plaintiff Stephen Done alleges that he was the former head men's basketball coach at Santa Rosa Junior College. FAC ¶ 3. On or around October 18, 1999, Defendant Ben Partee, the College's then-athletic director, authored and transmitted a false and unsubstantiated "written determination" (the "Determination"), which stated that Plaintiff and other coaches committed recruiting violations. FAC ¶¶ 4, 6–13. Defendant sent the Determination to the Bay Valley Conference Commissioner, which resulted in disciplinary action against Plaintiff and his

basketball team. FAC ¶¶ 6, 8, 21. The Commissioner relied upon the Determination to impose those sanctions. *Id.*

Notwithstanding all of these allegations, Plaintiff also asserts as follows:

> The constitutional violation arises from the creation and transmission of the concealed Written Determination itself, not from any subsequent penalties, meeting, or events known to Plaintiff at the time. This claim is based solely on the October 18, 1999 Written Determination and is distinct from any later statements or communications, including those referenced in 2021.[1]

FAC ¶ 24.

Defendant issued the Determination without providing Plaintiff with notice of the Determination's existence or an opportunity to be heard on its findings. FAC ¶¶ 13–14. Plaintiff was not aware that the Determination existed until June 23, 2025, when Plaintiff was given a copy by a third party. FAC ¶¶ 13–17.

At some unspecified time, Plaintiff obtained a copy of his personnel and employment records from the Sonoma County Junior College District (the "District"). FAC ¶ 19. They did not contain the Determination. *Id.* Nor was the Determination provided to Plaintiff in response to "records requests made to the District." FAC ¶¶ 19, 29. Defendant asserts that the District "affirmatively withheld" the Determination. *Id.*

Plaintiff originally sued the District, and the Court dismissed on Eleventh Amendment grounds. Dkt. No. 27. Plaintiff then filed the FAC, suing Defendant in his individual capacity. FAC ¶ 4.

//

//

[1] The Court reads "later statements or communications, including those referenced in 2021" to refer to the allegations in Plaintiff's first Complaint, which he omitted in the FAC, alleging that in 2021 the District's Vice President of Human Resources stated in a letter that the District conducted a disciplinary hearing regarding Plaintiff in 1999 without his presence. Dkt. No. 1 at 5; *see Wendover Prods., LLC v. PayPal Inc.*, No. 24-cv-09470-BLF, 2026 WL 1799239, at *8 (N.D. Cal. June 22, 2026) (*citing Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859 (9th Cir. 1995)). Plaintiff appears to have recognized that his prior allegations likely posed a statute of limitations problem. *See* Dkt. No. 27 at 1 n.1 (dismissal order noting in dicta that "as a practical matter, it is very likely that these claims are time-barred and will eventually fail").

## II. LEGAL STANDARDS

Rule 12(b)(6) motions to dismiss challenge the adequacy of a plaintiff's pleadings. Rule 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (quotation omitted). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to" the plaintiff, *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), but do not accept the complaint's "legal conclusions" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Iqbal*, 556 U.S. at 678–79; *Khoja*, 899 F.3d at 1008 (quotation omitted).

Dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate "only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotations omitted). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (quotation omitted) (cleaned up).

Courts in the Ninth Circuit liberally construe complaints by *pro se* plaintiffs at the motion to dismiss stage. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "pro se litigants are bound by the rules of procedure," *Young v. Meta Platforms Inc.*, No. 24-cv-03583-HSG, 2025 WL 754064, at *2 (N.D. Cal. Mar. 10, 2025), and "must still meet" the governing "pleading standards," *Bayer v. City & Cnty. of San Francisco*, No. 22-cv-07440-AMO, 2023 WL 5988585, at *2 (N.D. Cal. Sept. 14, 2023) (citation omitted).

**III. DISCUSSION**

Defendant moves to dismiss under Rule 12(b)(6) on three grounds: (a) Plaintiff's claim is time-barred; (b) a prior settlement agreement bars the claim; and (c) immunity under *Will v. Michigan Department of State Police* and the Eleventh Amendment. 491 U.S. 58, 64–66 (1989). The Court grants the motion on the ground that the FAC's allegations conclusively establish that the claim is time-barred, and thus does not reach Defendant's other arguments.

From the beginning of this case, Plaintiff has been confronted with an obvious challenge: all of the events underlying his claim fundamentally concern what he contends were unlawful actions the District took against him in October of 1999. FAC ¶¶ 6 (explaining that the Written Determination was "authored and transmitted" "[o]n or about October 18, 1999"), 21 (alleging that "[f]ollowing the transmission of the Written Determination, sanctions were imposed affecting Plaintiff and his program, including penalties impacting postseason eligibility"). But the applicable statute of limitations ran long ago for these actions taken over 25 years ago, and nothing in Plaintiff's FAC plausibly establishes a basis that could make those claims timely.

For Section 1983 claims, state law determines the statute of limitations period and federal law governs claim accrual. *Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (citations omitted). Section 1983 claims are treated as personal injury actions and are currently subject to a two-year statute of limitations in California for claims accruing as of January 1, 2003. *Id.*; Cal. Civ. Proc. Code § 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004) (discussing California's shift from a one- to two-year limitations period). Claims accrue under federal law "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky*, 535 F.3d at 1048 (internal quotations omitted). The federal common law incorporates a discovery rule that postpones accrual until a plaintiff "discovers (or reasonably should discover) he has been injured." *Id.* (*citing Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir. 1990) (citation omitted)).[2]

[2] Defendant cites the discovery rule doctrine under California state law, but that rule is inapplicable here because accrual is analyzed under federal law. *Compare Lukovsky*, 535 F.3d at 1048 *with* Mot. at 5–6 (*quoting Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103 (1988)).

Even liberally construing the FAC in Plaintiff's favor and drawing all reasonable inferences, federal law establishes as a matter of law that Plaintiff's claim accrued well before the initiation of this litigation. Mot. at 5–8; R. at 3–5. *Lukovsky* is instructive. In that case, the Ninth Circuit addressed a civil rights case alleging racial and national origin hiring discrimination by San Francisco, its transportation agency, and various individual defendants. 535 F.3d at 1046. The plaintiffs argued that their claims "did not accrue" under federal law until plaintiffs had knowledge or reasonably were on notice of "both the actual injury (failure to hire) and the legal wrong (racial discrimination)." *Id.* at 1048. The Ninth Circuit rejected this argument, holding that a "wealth of authority" provides that federal accrual law only requires reasonable knowledge of the actual injury itself, not the theory establishing the legal wrong. *Id.* at 1049–51 (collecting cases). This is because at that point, "plaintiffs knew they had been injured and by whom" such that they were on inquiry notice as to the circumstances surrounding those injuries. *Id.*

The same analysis applies here. By his own admission, Plaintiff began suffering the adverse effects of the Determination at some point in 1999 or 2000, "impacting postseason eligibility." FAC ¶¶ 6, 8, 21. Like the *Lukovsky* plaintiffs who knew they had received unfavorable hiring decisions but did not know whether those choices were based on discrimination, here Plaintiff had knowledge of the actual injury giving rise to his claim at the time that the Commissioner imposed penalties. *Id.* Whether or not Plaintiff knew the specific facts underlying the alleged "legal wrong" of his denial of procedural due process until 2025 when he uncovered the Determination is not relevant under federal accrual law.

Given that accrual occurred at some point in 1999 or 2000 based on the FAC, California's one-year statute of limitations applies. *Maldonado*, 370 F.3d at 955 (holding that California's amended two-year statute of limitations was only made retroactive for September 11, 2001 victims). This means that, absent some basis for tolling, this litigation needed to be filed no later than some point in the early 2000s.

In some circumstances, equitable doctrines can be available where a cause of action has accrued and the statute of limitations has run. These doctrines arise from the relevant state's law. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citations omitted). Though Plaintiff did not

United States District Court
Northern District of California

specifically raise any such doctrines in his opposition papers, given the factual allegations in the FAC and Plaintiff's *pro se* status, the Court considers equitable tolling and equitable estoppel. Neither doctrine can overcome the facial time-bar here given the allegations on the face of the FAC.

**a. Equitable Tolling**

Equitable tolling in California applies where there is: (1) timely notice and lack of prejudice to the defendant; and (2) reasonable and good faith conduct on the part of the plaintiff. *St. Francis Mem'l Hospital v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 724 (2020) (citations omitted). The rule arose from lines of cases addressing situations where plaintiffs were involved in parallel lawsuits or administrative proceedings, or where estoppel was required to "serve the ends of justice." *Id.* at 1040.

This doctrine does not apply to make Plaintiff's claim timely. This case is not like the parallel action lines of cases, because there was no prior filed action that would make "tolling . . . appropriate in a later suit." *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002). Prior proceedings can include certain administrative actions, *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99–105 (2008), and state court lawsuits, *Azer*, 306 F.3d at 934–36. But FAC alleges no prior lawsuit by Plaintiff on this issue before filing this Section 1983 action.

This conclusion remains true even if the Court were to take notice of Plaintiff's judicial admission in his original complaint that he filed a "federally protected civil-rights grievance" on December 10, 1998 with the District's human resources department. Dkt. No. 1 ("Compl.") at 4; *see Wendover Prods., LLC v. PayPal Inc.*, No. 24-cv-09470-BLF, 2026 WL 1799239, at *8 (N.D. Cal. June 22, 2026) (*citing Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859 (9th Cir. 1995)). These December 1998 administrative proceedings did not stem from the Determination, as they predate by almost a year the October 1999 disciplinary proceedings that resulted in the Determination. *Compare* Compl. at 4 *with* FAC ¶¶ 4, 6–13.[3] In any event, Plaintiff has not pled any facts

[3] That is assuming, without deciding, that a grievance with a human resources department would constitute a "suit" for California's equitable tolling doctrine. *Azer*, 306 F.3d at 936.

plausibly supporting an inference that this human resources proceeding lasted decades such that the tolling period would be sufficient to cover the necessary time period from claim accrual. *See Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370–71 (2003) (noting that equitable tolling ends at the conclusion of the tolling event).

Nor does equitable tolling apply under the broader conception of the rule. Notice requires that a defendant be "fully notified within the statute of limitations of plaintiff['s] claims and their intent to litigate." *St. Francis*, 9 Cal. 5th at 726 (quotation omitted) (cleaned up). But Plaintiff does not allege providing Defendant with any such notice before filing this case.[4] Conversely, Defendant would be prejudiced by having to litigate this decades-old action without "having received timely notice of the possible . . . liability." *Addison v. State of California*, 21 Cal. 3d 313, 318 (1978). And Plaintiff's conduct in the lead up to this case was objectively unreasonable.[5] Plaintiff was aware of the harms from his purported actual injury at some point in 1999 or 2000, FAC ¶¶ 6, 8, 21, yet failed to pursue his claim in court for decades.

**b. Equitable Estoppel**

Equitable estoppel generally prevents a defendant from asserting a statute of limitations defense where "the defendant's conduct, relied on by the plaintiff, has induced the plaintiff to postpone filing the action until after the statute has run." *Mills v. Forestex Co.*, 108 Cal. App. 4th 625, 652 (2003) (citation omitted). Equitable estoppel "focuses primarily on actions taken by the *defendant* to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" *Lukovsky*, 535 F.3d at 1051 (emphasis in original). Equitable estoppel "halts the statute of limitations where there is active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (internal quotation marks omitted). Parties

[4] Plaintiff's generic document request for his employment records did not provide such notice. FAC ¶ 19. And Plaintiff's receipt of a letter from the District's Vice President of Human Resources acknowledging the 1999 hearing and issuance of the Determination is not a communication *from Plaintiff* to Defendant that he intended to litigate this matter. Compl. at 5.

[5] The Court does not address the subjective prong of the good faith inquiry given that the objective prong fails. *St. Francis*, 9 Cal. 5th at 728–30.

United States District Court
Northern District of California

have been estopped in contexts such as when a defendant informs a plaintiff that it will not enforce a statute of limitations, only to do so in litigation; or where a defendant gives a plaintiff a document purportedly "negat[ing] any basis for supposing that plaintiff's termination was related to" a protected characteristic. *Lukovsky*, 535 F.3d at 1052 (quotation omitted).

Even liberally construing the FAC and drawing reasonable inferences in Plaintiff's favor, nothing in the FAC plausibly establishes a basis for equitable estoppel either. The FAC generically asserts that Defendant "affirmatively withheld" the Determination from Plaintiff. FAC ¶ 19. But the fundamental problem is that even accepting the allegations as true, Plaintiff cannot plausibly allege that Defendant's actions with respect to the Determination prevented him from filing this lawsuit in time, especially in light of what he has already pled in this case. In his original complaint, Plaintiff alleged that in October 2021 the District's Vice President of Human Resources admitted in a letter that the District conducted a disciplinary hearing regarding Plaintiff in 1999 without his presence. Compl. at 5. Plaintiff attached that letter to the first Complaint. *See* Dkt. No. 4 at 14 (the "October 2021 Letter"). And the October 2021 Letter directly disclosed that "upon subsequent review it was determined the representations made by [Defendant] to the Bay Valley Conference were unsubstantiated and that you had not admitted to out-of-district recruitment or acted inappropriately." *Id.* This earlier allegation, including the document Plaintiff incorporated by reference, was a judicial admission, and Plaintiff has not provided a legitimate (or any) reason for now omitting it, and does not otherwise suggest that the prior allegations were inaccurate. *See Sicor*, 51 F.3d at 859–860 (explaining that "a statement in a complaint may serve as a judicial admission," and noting that where the party making such an admission "explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight"). The allegations and Plaintiff's judicial admissions thus establish that even assuming Defendant concealed the Determination itself until 2025, Plaintiff was on inquiry notice of the due process claim he asserts now by no later than October 2021. Given this, Plaintiff cannot plausibly allege that any delay in the production of the Determination itself prevented him from timely filing this lawsuit, even assuming the statute of limitations did not start running until he received the October 2021 Letter.

United States District Court
Northern District of California

And to the extent Plaintiff now suggests, in conflict with his first Complaint, that his theory in this case is limited to "the creation and transmission of the Written Determination itself," detached from any penalties or the 2021 communications, FAC ¶ 24, that argument does not save his claim from being time-barred. Plaintiff's claim is and always has been based on the harm that resulted from the allegedly unlawful sanctions the Determination initiated. *See* FAC ¶ 21. Given all of this, it is plain on the face of the pleadings here that the running of the statute of limitations is conclusively established, meaning that Plaintiff's claim is time-barred and the case must be dismissed.[6]

## IV. CONCLUSION

Because Plaintiff's allegations and judicial admissions over the course of two complaints conclusively establish that the claim he asserts here is time-barred, further leave to amend would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1046 (9th Cir. 2011) (affirming denial of leave to amend where claims were barred by statute of limitations). Defendant's motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**, Dkt. No. 32, and the Court **TERMINATES AS MOOT** the request for judicial notice, Dkt. No. 33. The Clerk is **DIRECTED** to enter judgment in favor of Defendant and against Plaintiff and close the file.

**IT IS SO ORDERED.**

Dated: 10/14/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[6] The Court's first dismissal order was based solely on Eleventh Amendment immunity. Dkt. No. 27 at 2. In dicta, the Court also opined that it "likely [could not] dismiss the case on the grounds that the claims are time-barred." *Id.* at 1 n.1. But the rationale for that suggestion, which was not in any way necessary to the basis on which the Court dismissed the first Complaint, was that "it's not clear if Plaintiff knew about all the penalties (and any related injuries) against him and his basketball program before 2025." *Id.* Now having the benefit of the FAC's framing, the Court can conclusively say that this case is appropriate for dismissal because there is no plausible basis for stating a claim based on the Determination alone, purportedly delinked from the ensuing disciplinary process Plaintiff has alleged all along violated his rights. *See* FAC ¶ 27 ("By issuing and transmitting the Written Determination to a governing authority for action, Defendant caused a false and stigmatizing government determination to be made and relied upon, resulting in sanctions, without affording Plaintiff due process of law."). In other words, it is now clear that even as alleged across the two complaints, Plaintiff was on inquiry notice of the claimed due process violation here no later than October 2021.